UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Timothy Gagne

    v.                                                                                                    Case No. 23-cv-403-SM-TSM

Barrington Police Department et al.

## REPORT AND RECOMMENDATION

Pro se plaintiff, Timothy Gagne, a prisoner in New Hampshire, filed a complaint and an addendum to the complaint (Doc. Nos. 1, 5), pursuant to 42 U.S.C. § 1983, asserting claims of violations of his federal constitutional rights and related state law tort claims, seeking damages from the Barrington Police Department ("BPD") and four unnamed BPD officers (identified herein as BPD Officers John Doe #1, #2, #3, and #4),[1] relating to a police encounter in his garage and his subsequent detention at the Strafford County Jail and the Wentworth Douglas Hospital on or about August 23-24, 2021. His initial pleadings (Doc. Nos. 1, 5) are before the court for preliminary review. See LR 4.3(d)(1); see also 28 U.S.C. § 1915A.

For the reasons that follow, the district judge should dismiss: all of Mr. Gagne's federal constitutional claims against the Barrington Police Department, including all of his "official capacity" claims; all of his claims under the Federal Tort Claims Act; and all of his Eighth Amendment cruel and unusual punishment claims and his Fourteenth Amendment substantive due process claims, relating to his arrest.

---

[1] In his complaint addendum (Doc. No. 5), Mr. Gagne refers to three of the arresting officers as John Does #2, #3, and #4 and alleges they acted together at all times. Mr. Gagne has not referred to any individual as "John Doe #1." For convenience, this court numbers the four arresting officers as John Doe #1-#4.

1

**Preliminary Review Standard**

This court conducts a preliminary review of complaints filed by prisoners seeking relief from government agents. See 28 U.S.C. § 1915A. Claims may be dismissed sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See id. In considering whether the complaint states a claim, the court determines if, stripped of legal conclusions and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief" that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In undertaking this review, the court is mindful that pro se complaints must be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Background**

On August 23, 2021, Mr. Gagne was sitting in his truck in his garage with the motor running, with one garage door open and one door closed. Four officers from the Barrington Police Department entered the garage for a welfare check. The officers entered with weapons drawn, ordered Mr. Gagne to walk backwards from his truck, and then handcuffed him. Mr. Gagne contends he was arrested for attempting suicide. The same officers brought Mr. Gagne to the Strafford County Jail for detention, where he "was exposed to pepper spray and became sick."[2] Doc. No. 5, at 3. The following day, over Mr. Gagne's objection, the same officers brought Mr. Gagne to the Wentworth Douglas Hospital. Mr. Gagne was released shortly thereafter.

---

[2] Mr. Gagne's passing reference to pepper-spraying does not appear intended to state any claim in this case. If Mr. Gagne intends to assert a claim in this lawsuit arising from his exposure to pepper-spray, Mr. Gagne may file a motion to add a new claim against an appropriate defendant, or file a new lawsuit, asserting the identity of the person who injured him, how it happened, and why that person's acts or omissions violated his federal rights or otherwise provide grounds for relief.

**Claims**

Construed liberally, Mr. Gagne's initial pleadings assert the following claims for damages against the individual officers under 42 U.S.C. § 1983 and tort claims against both them and their municipal employer under state common law:

1. BPD Officers John Does #1-#4 violated Mr. Gagne's Fourth Amendment rights by subjecting him to an unreasonable seizure involving the use of excessive force, rendering those officers liable under 42 U.S.C. § 1983, in that:

    a. The defendant officers used excessive force by pointing their weapons at Mr. Gagne; and

    b. The defendant officers used excessive force by handcuffing Mr. Gagne.

2. BPD Officers John Does #1-#4 violated Mr. Gagne's Fourth Amendment rights by subjecting him to a false arrest, rendering those officers liable under 42 U.S.C. § 1983, in that:

    a. The defendant officers arrested Mr. Gagne, without probable cause, a warrant, or any other legal process; and

    b. The defendant officers detained Mr. Gagne at (i) the Strafford County Jail and (ii) the Wentworth Douglas Hospital, without probable cause, a warrant, or any other legal process.

3. BPD Officers John Does #1-#4 engaged in the tort of assault, by pointing their weapons at Mr. Gagne, rendering those officers as well as their employer, the BPD (under a theory of respondeat superior), liable for damages under New Hampshire law.

4. BPD Officers John Does #1-#4 engaged in the tort of battery, by handcuffing Mr. Gagne, rendering those officers as well as their employer, the BPD (under a theory of respondeat superior), liable for damages under New Hampshire law.

5. BPD Officers John Does #1-#4 falsely imprisoned Mr. Gagne, rendering those individual defendants as well as their employer, the BPD (under a theory of respondeat superior), liable for damages under New Hampshire law, in that:

    a. The defendant officers arrested Mr. Gagne, without probable cause, a warrant, or any other legal process; and

    b. The defendant officers detained Mr. Gagne at (i) the Strafford County Jail and (ii) the Wentworth Douglas Hospital, without probable cause, a warrant, or any

     other legal process.

6. BPD Officers John Does #1-#4 failed to exercise reasonable care in conducting a welfare check and/or ensuring that there was probable cause to arrest and detain the plaintiff without legal process, causing him to suffer emotional injury and lost wages, rendering those individual defendants as well as their employer, the BPD (under a theory of respondeat superior), liable for negligence under New Hampshire law.

## Discussion

### I.   Fourth Amendment Excessive Force Claims

"When a plaintiff alleges excessive force during an investigation or arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures." Tolan v. Cotton, 572 U.S. 650, 656 (2014).  To state a Fourth Amendment claim for the use of excessive force, Mr. Gagne must show that the arresting officers' actions were objectively unreasonable, in light of the totality of the facts and circumstances known to them at the time of the use of force, "'without regard to their underlying intent or motivation.'" Jennings v. Jones, 499 F.3d 2, 11 (1st Cir. 2007) (citation omitted).  Factors relevant to the objective reasonableness inquiry include the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989).  "Pointing a weapon at a nonthreatening, compliant individual, even while executing a warrant, can constitute excessive force." Penate v. Sullivan, 73 F.4th 10, 21 (1st Cir. 2023).

Mr. Gagne's allegations regarding the officers' use of their weapons and handcuffs suggest he has a plausible claim that the officers' use of force was excessive under the circumstances, in violation of his Fourth Amendment rights.  But because none of the arresting officers are named in this action, this court cannot direct service of process upon any of them.  In the "Order to Disclose Names" this date, the court directed their employer, the defendant BPD, to disclose their

names to Mr. Gagne, so that, within ninety days of this date, he may move to substitute those names for John Does #1-#4 and join those individuals as parties to this action.

II.     **Fourth Amendment False Arrest Claims**

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. "A federal constitutional tort of false arrest — and thus an unlawful arrest under § 1983 — occurs when there is detention without probable cause and without legal process (i.e., without a valid warrant)." Karamanoglu v. Town of Yarmouth, 15 F.4th 82, 87 (1st Cir. 2021). The existence of probable cause will bar a claim of false arrest asserted under the Fourth Amendment and § 1983. Finamore v. Miglionico, 15 F.4th 52, 58 (1st Cir. 2021).

> A police officer has probable cause when, at the time of the arrest, the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."

Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009) (citation omitted). In "determining whether the officer had probable cause, [the court] must view the circumstances from the perspective of a reasonable person in the position of the officer." Id. (citations omitted).

One possible exception to the probable cause requirement is suggested by the allegation that the officers had been called to perform a "welfare check." "The community caretaking doctrine recognizes that law enforcement officers provide an infinite variety of services to preserve and protect community safety," in addition to being "enforcer[s] of the criminal law." United States v. Wetmore, 560 F. Supp. 3d 591, 600–01 (D.N.H. 2021) (citation omitted). "The imperatives of the fourth amendment are satisfied in connection with the performance of . . . noninvestigatory duties, including community caretaker tasks, so long as the procedure employed (and its implementation) is reasonable." United States v. Rodriguez-Morales, 929 F.2d 780, 785 (1st Cir. 1991).

The facts alleged in the Complaint regarding Mr. Gagne's situation in a garage with a door open, the forceful arrest, and the overnight detention at the Strafford County Jail, taken as true, suggest that the officers may have used warrantless, unreasonable procedures exceeding the scope of the caregiving function, without probable cause for an arrest.  Those allegations give rise to Fourth Amendment false arrest claims upon which relief can be granted against the individual defendants under 42 U.S.C. § 1983.

Lacking the individual officers' names, this court cannot direct that they be served.  In the Order to Disclose Names, the court has directed the defendant BPD to disclose to Mr. Gagne the names of the officers who arrested him, as well as the names of the officers who transported him to the Strafford County Jail and to the Wentworth Douglas Hospital, within fourteen days of the date of the BPD's appearance in this action, so that he may move this court to join those individuals as parties to this action within ninety days.

### III. <u>Municipal Liability and Official Capacity Claims under § 1983</u>

Mr. Gagne's complaint asserts federal constitutional claims for damages against the John Doe officers in their "official capacities" and also names their municipal employer, the BPD, as a defendant.  Official-capacity suits "'represent only another way of pleading an action against an entity of which an officer is an agent.'"  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted).

A municipal government can only be liable under § 1983 for federal constitutional violations caused by its own customs, policies, or practices.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Bannon v. Godin, 99 F.4th 63, 88 (1st Cir. 2024).  The doctrine of respondeat superior does not apply in this context.  Monell, 436 U.S. at 694.  Because Mr. Gagne has not set forth any allegations regarding any municipal act or omission, pertinent municipal policy, custom,

or widespread practice, he has not stated a claim against the BPD or the Town of Barrington upon which relief can be granted under § 1983. The District Judge should dismiss Mr. Gagne's § 1983 claims against the BPD (including his "official capacity" claims).

IV.     **FTCA, Eighth Amendment, and Fourteenth Amendment Claims**

Mr. Gagne has asserted that his tort claims are within this court's jurisdiction under the Federal Tort Claims Act ("FTCA"), and that his federal constitutional claims arise under the Eighth Amendment and the Fourteenth Amendment Due Process Clause. "By enacting the FTCA, Congress waived the immunity of the United States to suit for the tortious actions of federal employees." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010). As the defendants are Town officers and agents, the FTCA does not apply.

The Eighth Amendment is inapplicable here, as Mr. Gagne does not allege that any defendant punished him after he was convicted of a crime. "[T]he less protective Eighth Amendment [cruel and unusual punishment] standard applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" Graham v. Connor, 490 U.S. 386, 398 (1989). Accordingly, the district judge should dismiss the FTCA and Eighth Amendment claims asserted by Mr. Gagne.

Moreover, Mr. Gagne's claims regarding his warrantless arrest arise under the Fourth Amendment and not the Fourteenth Amendment. "[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Id. at 395.

V. **State Law Tort Claims**

Mr. Gagne asserted state law tort claims for damages against the John Doe officers and their employer, the BPD. Cf. Tessier v. Rockefeller, 162 N.H. 324, 342, 33 A.3d 1118, 1132 (2011) (employer may be vicariously liable under state law "'if the employee was acting within the scope of his or her employment when his or her tortious act injured the plaintiff'" (citation omitted)). Mr. Gagne's tort claims against the individual John Doe defendants and their employer are related to his actionable Fourth Amendment claims against the John Doe defendants and are thus within this court's supplemental jurisdiction under 28 U.S.C. § 1367.

A. **Assault and Battery**

Mr. Gagne asserted assault and battery claims arising under state law relating to his Fourth Amendment excessive force claims. Under state law, "[a] successful assault claim requires that '(1) the defendant . . . intended to cause harmful or offensive contact to the plaintiff, and (2) the plaintiff must have been put in imminent apprehension of such contact.'" Rand v. Town of Exeter, 976 F. Supp. 2d 65, 75 (D.N.H. 2013) (citation omitted). "A defendant may be held liable for battery if '(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results.'" Id. at 75-76 (citation omitted).

The allegations in the pleadings (Doc. Nos. 1, 5) sufficient to state Fourth Amendment excessive force claims also state claims of assault and battery upon which relief can be granted under New Hampshire common law. The proper defendants to those claims include the individual officers and their municipal employer (under a theory of respondeat superior or vicarious liability). In the Service Order this date, the court has directed the defendant BPD to answer those claims.

8

Because the individual arresting officers (John Does #1-#4) have not been named in this action, this court cannot direct service of process upon any of them.  In the Order to Disclose Names, the court has directed the defendant BPD to disclose to Mr. Gagne the names of the officers who arrested him within fourteen days of the date of the BPD's appearance in this action, so that he may move this court to substitute those names for the John Does and join those named individuals as defendants to this action within ninety days of this date.

B.      **False Imprisonment**

Mr. Gagne's initial pleadings assert state law tort claims of false imprisonment relating to his Fourth Amendment false arrest claims.

> To prevail on a claim for false imprisonment, a plaintiff must demonstrate that: (1) the defendant acted with the intent of confining him within boundaries fixed by the defendant; (2) the defendant's act directly or indirectly resulted in the plaintiff's confinement; (3) the plaintiff was conscious of or harmed by the confinement; and (4) the defendant acted without legal authority.

Ojo v. Lorenzo, 164 N.H. 717, 726, 64 A.3d 974, 982 (2013) (citations omitted).  "[P]robable cause is a defense to a claim for false imprisonment resulting from a warrantless detention." Id.

The allegations in the pleadings (Doc. Nos. 1, 5) including those which suffice to give rise to liability under § 1983 for false arrest under the Fourth Amendment, also state claims for damages for false imprisonment under New Hampshire law.  In the Service Order this date, the court has directed the BPD (an agency of the Town of Barrington) to answer Claims 5(a)-(b).

Because the BPD officers (John Does #1- #4) have not been named in this action, this court cannot direct service of process upon any of them.  In the Order to Disclose Names, the court has directed the defendant BPD to disclose to Mr. Gagne the names of the arresting officers, as well as the officers who transported him to the Strafford County Jail and the Wentworth Douglas

9

Hospital, within fourteen days of the date of the BPD's appearance in this action, so that he may move this court to join those individuals as parties to this action within ninety days of this date.

### C.   Negligence

Mr. Gagne asserts a claim of "negligence" in the Complaint Addendum, arising from his arrest and detention. Although police officers in New Hampshire do not owe an arrestee a duty to conduct a reasonable investigation beyond finding probable cause, see Lahm v. Farrington, 166 N.H. 146, 154, 90 A.3d 620, 626 (2014), Mr. Gagne's negligence claim is premised on the absence of probable cause and upon actions that do not necessarily fall within the community caregiving exception to the Fourth Amendment. Assuming, without deciding, that New Hampshire would recognize a negligence claim in this circumstance, and without prejudice to the defendants' ability to fashion arguments implicating the community caregiving exception, this court concludes that Claim 6 is sufficiently stated, to warrant a response from the defendant BPD. Cf. Alonzo v. United States, No. 16–cv–337–JD, 2017 DNH 081, 2017 WL 1483366, at *5 n,9 (D.N.H. Apr. 24, 2017) ("The New Hampshire Supreme Court long ago decided that police officers do have a duty to use reasonable care while performing their duties and that police officers are liable for injuries that they negligently inflict on both those they are arresting and innocent third parties."). Accordingly, in the Service Order this date, the court has directed the BPD to respond to Claim 6, in its capacity as the officers' employer. In the Order to Disclose Names, the court has further directed the BPD to identify the officers at issue and grants the plaintiff leave to move to amend the complaint to join the named officers as parties to this claim.

### Conclusion

For the foregoing reasons, the district judge should dismiss: all of Mr. Gagne's federal constitutional claims against the Barrington Police Department, including all of his "official

capacity" claims; all of his claims under the Federal Tort Claims Act; and all of his Eighth Amendment cruel and unusual punishment and Fourteenth Amendment substantive due process claims, relating to his arrest.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections to this R&R "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

                                                       /s/ Talesha L. Saint-Marc
                                                       Talesha L. Saint-Marc
                                                       United States Magistrate Judge

June 7, 2024

cc:      Timothy Gagne, pro se