UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>TIMOTHY R. GAGNE</u>

      v.                      Case No. 1:23-cv-00403-SM-TSM

<u>BARRINGTON POLICE DEPARTMENT, et al.</u>

**REPORT AND RECOMMENDATION**

    Self-represented plaintiff, Timothy Gagne, a prisoner in New Hampshire, brought suit under 42 U.S.C. § 1983 against the Barrington Police Department ("BPD") and four unnamed officers, referred to as John Doe 1, John Doe 2, John Doe 3, and John Doe 4. Doc. Nos. 1 and 5. Mr. Gagne now moves to amend his complaint (Doc. No. 19) to substitute Samuel J. Surawski, Donald M. Morse, Noah Young, and Forrest Stickney in the place of the four John Doe defendants, whose identities were previously unknown to Mr. Gagne. The BPD objects (Doc. No. 23). For the reasons that follow, the court recommends that the district judge grant Mr. Gagne's motion to amend.

**BACKGROUND**

    The following facts are drawn from Mr. Gagne's complaint and amended complaint (Doc. Nos. 1 and 5). On August 23, 2021,[1] Mr. Gagne was sitting in his truck in his garage with the motor running, with one garage door open and one door closed. Doc. No. 1, p. 4. Four officers from the BPD responded to his home to conduct a welfare check. <u>Id.</u>; Doc. No. 5, p. 3. The

---

[1] In his original complaint, Mr. Gagne alleges that the police responded to his home on August 23, 2021, <u>see</u> Doc. No. 1, p. 4, but in his amended complaint, he alleges the incident occurred on August 17, 2021, <u>see</u> Doc. No. 5, p. 3.

officers entered the garage with their weapons drawn and aimed at Mr. Gagne. Doc. No. 1, p. 4. Eventually, Mr. Gagne was handcuffed and taken into custody for attempted suicide. Id.; Doc. No. 5, p. 3. Later, the officers brought Mr. Gagne to the Strafford County Jail, where he "was exposed to pepper spray and became sick." Doc. No. 5, p. 3. The following day, over Mr. Gagne's objection, the officers brought Mr. Gagne to the Wentworth Douglass Hospital. Id. Mr. Gagne was released shortly thereafter. Id.

On August 24, 2023, Mr. Gagne filed his initial complaint (Doc. No. 1), which he subsequently amended on January 30, 2024 (Doc. No. 5).[2] On June 7, 2024, following its preliminary review, the court issued an order (Doc. No. 7) directing the BPD to disclose within fourteen days of its appearance in this action, the names of the officers who arrested Mr. Gagne in his garage, the names of the officers who transported him to the Strafford County Jail, and the names of the officers who transported Mr. Gagne to the Wentworth Douglass Hospital. The court also granted Mr. Gagne "leave to file a motion to amend the complaint and to join new defendants, no later than ninety days from the date of this Order, seeking to substitute the correct names of the arresting officers and/or transporting officers for any of the John Doe defendants in this case." Doc. No. 7, p. 2.

On July 18, 2024, counsel for the BPD mailed to Mr. Gagne "documentation, including a narrative report completed by an Officer of the [BPD], that appears to be related to the incident that forms the basis of the operative complaint." Doc. No. 23-1, p. 2. According to the BPD, Mr.

---

[2] On January 17, 2024, the court directed that Mr. Gagne fix "two problems with the Complaint" before it would complete preliminary review of his claims under LR 4.3(d)(1) and 28 U.S.C. §1915A(a). Doc. No. 4. The court directed Mr. Gagne to: 1- "personally sign the complaint" or have "a lawyer appearing . . . on his behalf" sign the complaint, and 2- further identify the four officers involved by either naming each individually or identifying each as "Officer John Doe." Id. (quotations omitted).

Gagne "subsequently inquired into the first names of two law enforcement officers from other departments listed in the narrative report," which defense counsel provided to him. Id.

Although the BPD's counsel mailed the responsive documentation to Mr. Gagne on July 18, 2024, Mr. Gagne did not receive the correspondence at the New Hampshire State Prison, where he resides.[3] On August 7, 2024, Mr. Gagne filed a motion to compel production of the defendants' names (Doc. No. 14). He later withdrew the motion (Doc. No. 18) after finally receiving the BPD's correspondence.

On September 5, 2024, Mr. Gagne moved to amend his complaint (Doc. No. 19) to substitute the John Doe defendants with the properly named officers: Samuel J. Surawski, Donald M. Morse, Noah Young, and Forrest Stickney. The BPD objects to the proposed amendment as untimely.

**LEGAL STANDARD**

"It is common ground that leave to amend should be 'freely give[n]' in circumstances in which 'justice so requires.'" Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 19 (1st Cir. 2013) (brackets in original) (quoting Fed. R. Civ. P. 15(a)(2)). However, "[t]he rule 'does not mean ... that a trial court must mindlessly grant every request for leave to amend.'" Id. (quoting Aponte–Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir.2006)). Rather, leave to file complaint amendments should be "freely given" so long as there is no "apparent or declared reason" for denial "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

---

[3] Apparently, the July 18th mailing was returned to defense counsel with the notation, "return to sender." Doc. No. 16-1 at p. 4-6. Consequently, on August 2, 2024, defense counsel resent the package to Mr. Gagne. Id. at p. 2-3.

of allowance of the amendment, futility of amendment, etc. . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). The court has discretion to deny a motion to amend if, "as a matter of law," the proposed "amendment would be futile." Demars v. Gen. Dynamics Corp., 779 F.2d 95, 99 (1st Cir. 1985). Where, as here, leave to amend is sought prior to the completion of discovery and the filing of motions for summary judgment, the standard for futility is whether the complaint as amended would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Efron v. UBS Fin. Servs. Inc. of P.R., 96 F.4th 430, 437 (1st Cir. 2024); Hatch v. Dep't of Children, Youth, and Their Families, 274 F.3d 12, 19 (1st Cir. 2001).

**DISCUSSION**

The BPD contends that Mr. Gagne's proposed amendment is untimely because it was filed after the three-year statute of limitations expired on August 24, 2024, and that the proposed amendment does not relate back to the date of the original complaint. Doc. No. 23-1, p. 2. Thus, the BPD argues that allowing the amendment would be futile. Id.

"As 42 U.S.C. § 1983 does not include a limitations period, courts have held that the relevant limitations period is that which governs general personal injury claims in the state where the claim arose." Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010). In New Hampshire, personal injury actions must be filed within three years of the accrual of the cause of action. RSA 508:4. Mr. Gagne's cause of action accrued, at the latest, on August 24, 2021, so the limitations period expired on August 24, 2024. Mr. Gagne filed the instant motion on September 5, 2024, after the expiration of the limitations period. Thus, Mr. Gagne's claim is time-barred unless the proposed amendment relates back to the original filing date, or there is a basis to apply the doctrine of equitable tolling. See Thompson v. Glodis, No. CIV.A. 10-40126-TSH, 2013 WL 5524807, at *1 (D. Mass. Oct. 2, 2013); see also Morales v. Doe #2, No. 17-CV-234-SM, 2021 WL 3934356, at

4

\*1-2 (D.N.H. May 18, 2021), report and recommendation adopted sub nom. Morales v. Fouts, No. 17-CV-234-SM, 2021 WL 3930832 (D.N.H. Sept. 2, 2021).

## I. Relation Back of an Amendment

Federal Rule of Civil Procedure 15(c)[4] provides in pertinent part:

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

   (A) The law that provides the applicable statute of limitations allows relation back;

   (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

   (C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

      i. Received such notice of the action that it will not be prejudiced in defending on the merits; and

      ii. Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

"It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the

---

[4] "Where a proposed amendment seeks to add a new party, that request is technically governed by [Federal Rule of Civil Procedure] 21, which provides that the court may at any time, on just terms, add or drop a party." Valerio v. N.H. Dep't of Corr. Comm'r William Wrenn, No. 15-CV-248-LM, 2017 WL 5956668, at \*3 (D.N.H. Oct. 23, 2017), report and recommendation adopted sub nom. Valerio v. Wrenn, No. 15-CV-248-LM, 2017 WL 5905514 (D.N.H. Nov. 29, 2017) (quoting Gigunda Grp., Inc. v. Creative Collective Grp., No. 15-cv-104-LM, 2015 WL 6872281, at \*1 (D.N.H. Nov. 9, 2015) (internal quotation marks omitted)). Nevertheless, "the same standard of liberality applies under either [Rule 15(a) or 21]." Id. (cleaned up).

party sued." Murphy v. Strafford Cnty., No. 19-CV-1162-PB, 2022 WL 124673, at *2 (D.N.H. Jan. 13, 2022) (quoting Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (cleaned up)); see Garrett v. Fleming, 362 F.3d 692, 696 (10th Cir. 2004) (holding that plaintiff's "substitution of named defendants for the original unknown 'John Doe' defendants amounted to adding a new party" for purposes of Rule 15(c)). "Thus, when, as here, a claim is asserted against a new party after the limitations period expired," the plaintiff must comply with Rule 15(c)(1)(A), Rule 15(c)(1)(B), or Rule 15(c)(1)(C). Murphy, 2022 WL 124673 at *2. See Coons v. Indus. Knife Co., 620 F.3d 38, 42 (1st Cir. 2010). The BPD contends that Mr. Gagne cannot demonstrate that the proposed amendment complies with any of the subparts of Rule 15(c)(1), and therefore, the proposed amendment is untimely and futile.

    A.  Rule 15(c)(1)(A)

Rule 15(c)(1)(A) provides that an amendment will relate back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). The relevant New Hampshire statute, RSA 514:9, provides:

> Amendments in matters of substance may be permitted in any action, in any stage of the proceedings, upon such terms as the court shall deem just and reasonable, when it shall appear to the court that it is necessary for the prevention of injustice; but the rights of third persons shall not be affected thereby.

RSA 514:9.

"When an amendment seeks to substitute a defendant after the statute of limitations has expired, the New Hampshire Supreme Court has observed that both potential injustice to the plaintiff and potential prejudice to the intended defendant exist." Murphy, 2022 WL 124673 at *3. See Sharifova v. Riley, No. 2011-0755, 2012 WL 12830668, at *2 (N.H. Nov. 2, 2012); Dupuis v. Smith Props., Inc., 114 N.H. 625, 628 (1974). "In cases of this nature, the prejudice inquiry typically focuses on 'whether the intended defendant received notice before the statute of

6

limitations expired.'" Murphy, 2022 WL 124673 at *3 (quoting Sharifova, 2012 WL 12830668, at *2 (citing Dupuis, 114 N.H. at 629)).  There is no evidence in the record that the new defendants – Surawski, Morse, Young, and Stickney – received notice before the limitations period expired. Accordingly, Mr. Gagne cannot meet his burden of demonstrating that Rule 15(c)(1)(A) applies to his proposed amendment.

B. Rule 15(c)(1)(B)

The proposed amendment similarly fails under Rule 15(c)(1)(B).  "This provision 'allows relation back of an amendment asserting a "claim or defense," but it does not authorize the relation back of an amendment adding a new party.'"  Murphy, 2022 WL 124673 at *2 (emphasis omitted) (quoting Asher v. Unarco Material Handling, Inc., 596 F.3d 313, 318 (6th Cir. 2010)).  Here, Mr. Gagne does not add any new claims that arose out of the same occurrences set out in the original complaint.  Instead, the proposed amendment identifies, for the first time, new individual defendants allegedly liable for the injuries he asserts in the original complaint.  Such an amendment is beyond the scope of Rule 15(c)(1)(B).  Accordingly, Mr. Gagne cannot satisfy his burden of showing that Rule 15(c)(1)(B) applies to render the proposed amendment timely.

C. Rule 15(c)(1)(C)

Finally, Mr. Gagne cannot rely on Rule 15(c)(1)(C).  Rule 15(c)(1)(C) permits a plaintiff to correct a "misnomer or misidentification." Roman v. Townsend, 224 F.3d 24, 28 n.5 (1st Cir. 2000) (citing Fed. R. Civ. P 15(c) Advisory Committee Notes).  The rule requires that a plaintiff show he made a "mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C). "Although the First Circuit has not specifically addressed the issue, other circuits have concluded rather uniformly that a 'plaintiff's lack of knowledge of the intended defendant's identity is not a mistake concerning the identity of the proper party within the meaning of Rule [15(c)(1)(C)].'"

7

Palacio v. City of Springfield, 25 F. Supp. 3d 163, 166 (D. Mass. 2014) (quoting Garrett v. Fleming, 362 F.3d 692, 696 (10th Cir.2004)). "In essence, these circuit courts have determined that section (c)(1)(C) simply does not cover the John Doe situation." Id.

The court agrees. Here, Mr. Gagne does not contend that he made a mistake concerning the individual defendants' identities. Rather, his amendment seeks to identify, for the first time, the four John Doe defendants. Because Mr. Gagne cannot demonstrate that the proposed amendment corrects a mistake concerning the individual defendants' identities, he cannot satisfy the requirements of Rule 15(c)(1)(C). Accordingly, the proposed amendment does not relate back to the date of the original complaint under Rule 15(c)(1)(C), and thus, Mr. Gagne's motion must be denied unless the doctrine of equitable tolling applies.

## II.     Equitable Tolling

Although an untimely motion to amend generally results in denial, "'[t]he doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Thompson, 2013 WL 55524807, at *3 (D. Mass. Oct. 2, 2013) (quoting Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995) (citations omitted)). Here, "the court's actions have led [Mr. Gagne] to believe he has done everything required of him to maintain his action against the John Doe defendant[s]." Thompson, 2013 WL 5524807, at *3.

Following its preliminary review of Mr. Gagne's timely filed original complaint, the court directed the BPD to disclose within fourteen days of its appearance in this action, the identities of the officers involved in the conduct that forms the basis of Mr. Gagne's lawsuit. Doc. No. 7, p. 2. Then, the court granted Mr. Gagne ninety days to "file a motion to amend the complaint and to join new defendants . . . seeking to substitute the correct names of the arresting officers and/or transporting officers for any of the John Doe defendants in this case." Id.

The court issued its order on June 7, 2024, so the ninety-day period expired on September 5, 2024. Consistent with the court's June 7th order, Mr. Gagne filed the instant motion on September 5, 2024. This is not a case where Mr. Gagne lacked diligence in pursuing his claims against the John Doe defendants.[5] Thus, "[e]quity requires that the statute of limitations be tolled so as to allow [Mr. Gagne] to proceed against [the newly identified defendants]." Thompson, 2013 WL 5524807, at *3.

## CONCLUSION

For the foregoing reasons, the court recommends that the district judge grant Mr. Gagne's motion to amend.

Talesha L. Saint-Marc
United States Magistrate Judge

January 24, 2025

cc:   Timothy R. Gagne, pro se
      Counsel of Record

---

[5] Indeed, when he thought the BPD failed to timely comply with the court's order, Mr. Gagne filed a motion to compel the information. See Doc. No. 14, subsequently withdrawn by Doc. No. 18.

9