**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

TIMOTHY GAGNE

v. Case No. 23-cv-403-SM-TSM

BARRINGTON POLICE
DEPARTMENT, et al.

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Self-represented plaintiff, Timothy Gagne ("Gagne"), a prisoner at the New Hampshire State Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Barrington Police Department ("BPD") and four unnamed police officers, referred to as John Doe 1, John Doe 2, John Doe 3, and John Doe 4. Doc. Nos. 1 and 5. On January 24, 2025, the undersigned Magistrate Judge issued a Report and Recommendation recommending that the district judge grant Mr. Gagne's motion to amend his complaint to substitute Samuel J. Surawski, Donald M. Morse, Noah Young, and Forrest Stickney in place of the four John Doe defendants. Doc. No. 33. The district judge approved the Report and Recommendation on February 20, 2025. Doc. No. 38. The matter is now before the court on Gagne's Motion to Revise Amend[ed] Complaint (Doc. No. 31), which this court construes as a motion to amend the complaint to add a fifth police officer, Lieutenant Donald J. Laliberte, as a defendant in this action.[1] Defendants argue that plaintiff's effort to add another defendant is untimely and that his motion should be denied as futile. For the reasons detailed below, the district judge should deny Gagne's motion to amend.

[1] During a hearing before the court on March 6, 2025, Gagne clarified that he does not seek to substitute Lieutenant Laliberte in place of one of the four existing police officers. Instead, he seeks to add Lieutenant Laliberte as a fifth individual defendant in the lawsuit.

## BACKGROUND[2]

### *Plaintiff's Encounter with Police*

This action arises out of an encounter between plaintiff and police, and plaintiff's subsequent detention at the Strafford County Jail and Wentworth Douglass Hospital. On August 21, 2021,[3] Gagne was sitting in his truck, which was parked in his garage with the motor running. Doc. No. 1 at pg. 4. One garage door was closed, but the second garage door was open. Id. Four officers from the BPD responded to plaintiff's home to conduct a welfare check. Id. According to Gagne, the officers entered the garage with their guns drawn, held him at gun point, and placed him in handcuffs. Doc. No. 1 at pg. 4; Doc. No. 5 at pg. 3. They then took him to the Strafford County jail where he "was exposed to pepper spray and became sick[.]" Doc. No. 5 at pg. 3. The

[2] Where, as here, a defendant opposes a motion to amend on the grounds of futility, the court applies the same standard that applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6). Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006). Accordingly, the court must "take the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor[.]" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). The court is entitled to "augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). The facts set forth herein are derived from Gagne's initial complaint (Doc. No. 1), his first amended complaint (Doc. No. 5), and matters susceptible to judicial notice.

[3] Although Gagne alleged that the incident giving rise to his claims occurred on August 17, 2021 or August 23, 2021, Doc. No. 1 at pg. 4; Doc. No. 5 at pg. 3, police department records reveal, and Gagne does not dispute, that the incident took place on August 21, 2021. See Doc. No. 31 at ¶ 2 and exhibit attached thereto.

following day, over Gagne's objection, the officers took Gagne to Wentworth Douglass Hospital. Id. He was released shortly thereafter. Id.

***Steps Taken to Identify the Police Officer Defendants***

On August 24, 2023, Gagne initiated this action by filing a complaint against the BPD. Doc. No. 1. On January 30, 2024, Gagne filed an amended complaint against the BPD and four unnamed police officers identified as John Doe 1, John Doe 2, John Doe 3, and John Doe 4.[4] See Doc. No. 5; see also Doc. No. 6 at pg. 1 (describing defendants). On June 7, 2024, following its preliminary review of the complaint pursuant to LR 4.3(d)(1) and 28 U.S.C. § 1915A(a), the court issued an order directing the BPD to produce to plaintiff, within fourteen days of its appearance in the action, the names of the officers who arrested Gagne in his garage, the names of the officers who transported Gagne to the Strafford County Jail, and the names of the officers who transported Gagne to Wentworth Douglass Hospital. Doc. No. 7 at pgs. 1-2. The court also granted plaintiff "leave to file a motion to amend the complaint and to join new defendants, no later than ninety days from the date of this Order, seeking to substitute the correct names of the arresting officers and/or transporting officers for any of the John Doe defendants in this case." Id. at pg. 2.

On July 18, 2024, counsel for the BPD mailed documents to Gagne, which included "a narrative report completed by an Officer of the [BPD], that appears to be related to the incident that forms the basis of the operative complaint." Doc. No. 33 at pg. 2 (alteration in original)

[4] After Gagne filed his initial complaint, the court issued an order directing him to correct "two problems with the Complaint" before it completed its preliminary review of his claims pursuant to LR 4.3(d)(1) and 28 U.S.C. § 1915A(a). Doc. No. 4. Therein, the court instructed Gagne to file an amended complaint "signed by him personally or by a lawyer appearing in this case on his behalf." Id. at pg. 2. It also instructed Gagne to identify the four police officers involved in the August 21, 2021 incident by naming them individually or identifying "each unnamed officer as an 'Officer John Doe,' appropriately numbered for individual identification[.]" See id. Gagne filed the amended complaint pursuant to this order.

(quoting Doc. No. 23-1 at pg. 2). The BPD's counsel also provided Gagne with the full names of two law enforcement officers from other police departments who were listed in the narrative report. Id. at pgs. 2-3. The package of documents was returned to defense counsel with the notation "return to sender." Id. at pg. 3 n. 3. Defense counsel resent the documents to Gagne on August 2, 2024. Id.

***Plaintiff's First Motion to Amend the Complaint***

On September 5, 2024, Gagne filed a motion to amend his complaint to substitute the John Doe defendants with the following police officers: Samuel J. Surawski ("Surawski"), Donald M. Morse ("Morse"), Noah Young ("Young"), and Forrest Stickney ("Stickney"). Doc. No. 19. The BPD opposed Gagne's motion and argued that Gagne's proposed amendment was untimely and therefore, futile. Doc. No. 23-1 at pgs. 1-2.

On January 24, 2025, the undersigned Magistrate Judge issued a Report and Recommendation (the "1/24/25 R&R") on Gagne's motion to amend. Doc. No. 33. Although the court concluded that Gagne's claims were subject to a three-year statute of limitations, that Gagne filed his motion to amend after the expiration of the limitations period, and that Gagne's proposed amendment did not relate back to the date of filing of the original complaint, the court found that the equitable tolling doctrine applied because "the court's actions . . . led [Mr. Gagne] to believe he ha[d] done everything required of him to maintain his action against the John Doe defendant[s]." Id. at pg. 8 (first and third alterations in original) (quoting Thompson v. Glodis, No. 10-40126-TSH, 2013 WL 5524807, at *3, 2013 U.S. Dist. LEXIS 142628, at *8 (D. Mass. Oct. 2, 2013)). Accordingly, the court concluded that "[e]quity requires that the statute of limitations be tolled so as to allow [Mr. Gagne] to proceed against [the newly identified defendants]" and it recommended that the district judge grant plaintiff's motion to amend. Id. at pg. 9 (alterations in original)

(quoting Thompson, 2013 WL 5524807, at *3, 2013 U.S. Dist. LEXIS 142628, at *9). The district judge approved the 1/24/25 R&R on February 20, 2025. Doc. No. 38.

***Plaintiff's Second Motion to Amend the Complaint***

Gagne filed his instant motion to amend on January 2, 2025, more than three years and four months after his encounter with the police on August 21, 2021. Therein, Gagne explains that he recently received "additional discovery materials including the 'Strafford County Sheriff Dept. Call Log' which contained a precise list of the officers that were dispatched to the Plaintiff's home . . . on August 21, 2021." Doc. No. 31 at ¶ 3. One of those officers, Lieutenant Donald J. Laliberte ("Laliberte"), is not currently named as a defendant in this action. See id. at ¶ 4. Accordingly, Gagne seeks to amend his complaint once again to add Laliberte as a defendant. See id. It is undisputed that Laliberte is not a member of the BPD.[5]

**LEGAL STANDARD**

Motions to amend pleadings before trial are governed by Rule 15(a) of the Federal Rules of Civil Procedure.[6] See Fed. R. Civ. P. 15(a). Generally, under that Rule, leave to amend a complaint "will be 'freely given when justice so requires.'" Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This does not mean, however, that a trial court must mindlessly grant every request for leave to amend. When a proffered amendment

---

[5] During the March 6, 2025 hearing before the court, the BPD's counsel confirmed that Surawski and Morse are members of the BPD, but the remaining police officers, including Young, Stickney, and Laliberte, are members of the Lee or Strafford Police Departments.

[6] Where, as here, "the proposed amendment seeks to add a new party, the motion is technically governed by Rule 21 [of the Federal Rules of Civil Procedure], which provides that the court may at any time, on just terms, add or drop a party[.]" Gigunda Grp., Inc. v. Creative Collective Grp., No. 15-CV-104-LM, 2015 WL 6872281, at *1, 2015 U.S. Dist. LEXIS 151771, at *4 (D.N.H. Nov. 9, 2015) (quoting Sharp v. Deutsche Bank Nat'l Trust Co., No. 14-cv-369-LM, 2015 WL 4771291, at *3, 2015 U.S. Dist. LEXIS 105968, at *8 (D.N.H. Aug. 11, 2015)). "However, the same standard of liberality applies under either [Rule 15(a) or 21]." Id. (alterations in original) (citation omitted).

comes too late, would be an exercise in futility, or otherwise would serve no useful purpose, the district court need not allow it." Id.

The BPD opposes the present motion for the same reasons it opposed Gagne's prior motion to amend his complaint to substitute Surawski, Morse, Young, and Stickney in place of the John Doe defendants. Doc. No. 32 at ¶ 6. Thus, it argues that the proposed amendment is futile because the three-year statute of limitations applicable to Gagne's claims against Laliberte is expired and the proposed amendment does not relate back to the filing of his original complaint. See Doc. No. 23-1 at pgs. 1-6. "Whether a proposed amendment is futile is 'gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 40 (1st Cir. 2022) (quoting Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013)). Under that Rule, "the court must accept the factual allegations in the [proposed amended] complaint as true, construe reasonable inferences in the plaintiff's favor, and 'determine whether the factual allegations in the plaintiff's [proposed amended] complaint set forth a plausible claim upon which relief may be granted.'" Office of Pub. Guardian v. Elliot Hosp., 626 F. Supp. 3d 520, 527 (D.N.H. 2022) (quoting Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## DISCUSSION

### I. Untimeliness of Gagne's Proposed Claims

By his motion to amend, Gagne seeks to assert claims against Laliberte, pursuant to 42 U.S.C. § 1983, for excessive force and false arrest in violation of his rights under the Fourth Amendment. See Doc. No. 6 at pgs. 3-4 (describing Gagne's claims against the individual police

officers). He also seeks to assert state law tort claims against Laliberte for assault, battery, false imprisonment, and negligence. See id. The statute of limitations for each of these claims is three years. See McNamara v. City of Nashua, 629 F.3d 92, 95 (1st Cir. 2011) (explaining that New Hampshire's three-year statute of limitations set forth in RSA 508:4 governs both personal tort actions and section 1983 claims). To fall within the limitations period, therefore, Gagne had to file his claims against Laliberte within three years after those claims accrued.

"Section 1983 claims generally accrue when the plaintiff knows, or has reason to know of the injury on which the action is based, and a plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt." Gorelik v. Costin, 605 F.3d 118, 122 (1st Cir. 2010) (quoting Morán Vega v. Cruz Burgos, 537 F.3d 14, 20 (1st Cir. 2008)). Similarly, under New Hampshire law, "[a] claim based on a single tort ordinarily accrues when the tort is completed, and the continuing accrual of injury or damages does not extend the accrual date." Singer Asset Fin. Co., LLC v. Wyner, 156 N.H. 468, 478 (2007) (alteration in original) (citations omitted). In this case, all of plaintiff's claims accrued in August 2021, when the allegedly offending conduct took place, so the limitations period expired in August 2024. Because Gagne did not file his present motion to amend his complaint until January 2, 2025, his proposed claims against Laliberte are time-barred unless they relate back to the date of his original complaint or the doctrine of equitable tolling applies to preserve his claims.

## II. The Relation Back Doctrine

"Under the doctrine of relation back, an amended complaint can be treated, for purposes of the statute of limitations, as having been filed on the date of the original complaint." Pessotti v. Eagle Mfg. Co., 946 F.2d 974, 975 (1st Cir. 1991). Federal Rule of Civil Procedure 15(c) sets

forth three ways in which an amendment to a complaint can relate back to the date of the original pleading:

> Rule 15(c)(1)(A) allows for relation back when "the law that provides the applicable statute of limitations allows relation back." Rule 15(c)(1)(B) permits relation back of an amendment asserting "a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Lastly, under Rule 15(c)(1)(C), an amendment that "changes the party or the naming of the party against whom a claim is asserted" relates back to the original pleading when three elements are met: (1) the amended pleading grew out of the same transaction or occurrence as the original pleading, (2) the newly added party received timely notice of the action, and (3) that party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Murphy v. Strafford Cnty., No. 19-cv-1162-PB, 2022 WL 124673, at *1, 2022 U.S. Dist. LEXIS 7097, at *3 (D.N.H. Jan. 13, 2022). Where, as here, "the defendant establishes that a claim was filed after the statute of limitations had expired, the plaintiff has the burden to show that Rule 15(c) saves his claims." Id.

For the reasons detailed in the 1/24/25 R&R, Gagne cannot meet his burden of showing that his proposed amendment against Laliberte complies with any subpart of Rule (c)(1). See Doc. No. 33 at pgs. 6-8. As this court explained in addressing Gagne's motion to amend his complaint to substitute Surawski, Morse, Young, and Stickney for the four John Doe defendants, the critical inquiry for purposes of determining whether Rule 15(c)(1)(A) applies is "whether the intended defendant received notice [of plaintiff's claims] before the statute of limitations expired." Id. at pgs. 6-7 (quotations and citations omitted). Because there is no evidence in the record showing that Laliberte received such notice, Gagne cannot demonstrate that this Rule applies.

As this court further explained in its 1/24/25 R&R, Rule 15(c)(1)(B) "allows relation back of an amendment asserting a claim or defense, but it does not authorize the relation back of an amendment adding a new party." Id. at 7 (quotations and citations omitted). Here, Gagne does

not seek to add any new claims. Instead, he seeks to assert his existing claims against a new individual police officer. Accordingly, Rule 15(c)(1)(B) provides no means of avoiding the three-year statute of limitations applicable to those claims.

Finally, Gagne cannot establish that Rule 15(c)(1)(C) applies to his present motion to amend his complaint. As detailed in the 1/24/25 R&R, that Rule allows a plaintiff to amend his complaint if the plaintiff is able to show that "he made 'a mistake concerning the proper party's identity[,]'" but does not apply where the plaintiff lacked knowledge of the proposed defendant's identity at the time he filed his original complaint. 1/24/25 R&R at pgs. 7-8 (quoting Fed. R. Civ. P. 15(c)(1)(C)). In the instant case, Gagne seeks to identify Laliberte for the first time since he filed the litigation. He does not contend, much less show, that he made a mistake regarding Laliberte's identity. Therefore, his proposed amendment does not relate back to the date of the original complaint under any subpart of Rule 15(c)(1), and his motion to amend must be denied unless equitable tolling applies to his claims against Laliberte.

## III. The Equitable Tolling Doctrine

"Tolling is a form of equitable relief that temporarily suspends the statute of limitations for a period in which the plaintiff demonstrates that, 'in the exercise of reasonable diligence, [he] could not have discovered information essential to [his claim].'" Aresty Int'l Law Firm, P.C. v. Citibank, N.A., 677 F.3d 54, 58 (1st Cir. 2012)) (alterations in original) (quoting Ramirez-Carlo v. United States, 496 F.3d 41, 48 n.3 (1st Cir. 2007)) (additional quotations and citation omitted). Federal courts "apply equitable tolling on a case-by-case basis, avoiding mechanical rules and favoring flexibility." Id. (quoting Ortega Candelaria v. Orthobiologics, LLC, 661 F.3d 675, 680 (1st Cir. 2011)). However, the doctrine must be used sparingly and only in exceptional circumstances where such equitable relief is warranted. See id. ("we invoke tolling sparingly");

Neverson v. Farquharson, 366 F.3d 32, 40 (1st Cir. 2004) ("The doctrine of equitable tolling provides that in exceptional circumstances, a statute of limitations 'may be extended for equitable reasons not acknowledged in the statute creating the limitations period.'" (quoting David v. Hall, 318 F.3d 343, 345-46 (1st Cir. 2003)).

Gagne argues, in essence, that it would be inequitable to bar him from adding Laliberte as a defendant in the lawsuit because he was not at fault for failing to identify Laliberte earlier. Specifically, Gagne asserts that the BPD failed to provide him with a complete list of the police officers involved in the events giving rise to his claims until "[r]ecently," when "the Plaintiff was provided with additional discovery materials including the 'Strafford County Sheriff Dept. Call Log' which contained a precise list of the officers that were dispatched to the Plaintiff's home" on August 21, 2021. See Doc. No. 31 at ¶ 3. Thus, according to Gagne, his tardiness in filing the instant motion to amend was caused by the BPD's failure to comply fully with the court's June 7, 2024 order to provide plaintiff, within fourteen days of its appearance in the case, with the names of the officers who arrested Gagne in his garage, the names of the officers who transported Gagne to the Strafford County Jail, and the names of the officers who transported Gagne to Wentworth Douglass Hospital. Doc. No. 35 at ¶ 4. However, Gagne fails to show that he bears no responsibility for the failure to identify Laliberte within the limitations period or that equitable tolling is appropriate here.

From the time Gagne filed his original complaint on August 24, 2023, until he filed the present motion on January 2, 2025, he consistently asserted that only four police officers were involved in the events at issue in this case. See, e.g., Doc. No. 1 at pg. 4 (alleging that four officers arrived at his home for a welfare check and took him into custody); Doc. No. 5 (alleging facts against four unnamed police officers); Doc. No. 19 (alleging specific facts against Surawski,

Morse, Young, and Stickney). Moreover, in his first motion to amend to substitute Surawski, Morse, Young, and Stickney for John Does 1-4, Gagne alleged facts describing each officer's specific role in his arrest, his transfer to the Strafford County Jail, and his transfer to Wentworth Douglass Hospital without any indication that a fifth officer participated in the alleged misconduct or was even present. Doc. No. 19 at ¶¶ 1-4, 6. Due to Gagne's own actions, therefore, the BPD had no reason to believe that a fifth officer was involved or to investigate the identity of any such officer.

Gagne's assertion that he had no independent obligation to identify additional police officers who may have participated in the August 21, 2021 incident is inconsistent with controlling case law, which places the "onus . . . on the plaintiff 'to determine the proper party to sue and to do so before the statute of limitations expires.'" Murphy, 2022 WL 124673, at *2, 2022 U.S. Dist. LEXIS 7097, at *5-6 (quoting Graham v. Church, No. 14-cv-171-LM, 2015 WL 247910, at *7, 2015 U.S. Dist. LEXIS 6094, at *16 (D.N.H. Jan. 20, 2015)). Here, Gagne was aware that only two of the officers who participated in the August 21, 2021 incident were members of the BPD police department. See Doc. No. 33 at pgs. 2-3. However, there is no indication that he sought discovery from any department other than the BPD before the statute of limitations expired. To justify equitable tolling, "[t]he tolling proponent must establish that extraordinary circumstances beyond his control prevented a timely filing or that he was materially misled into missing the deadline." Ortega Candelaria, 661 F.3d at 680. Because Gagne was at least partially responsible

for the failure to identify Laliberte within the limitations period, this court concludes that he is not entitled to equitable tolling and that his proposed claims against Laliberte are time-barred.[7]

**CONCLUSION**

For all the reasons described herein, the district judge should deny Gagne's Motion to Revise Amend[ed] Complaint (Doc. No. 31). Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen- day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

Talesha L. Saint-Marc
United States Magistrate Judge

March 26, 2025

cc: Timothy Gagne, pro se
Counsel of record

[7] The Strafford County Sheriff Dept call log, which Gagne attached as an exhibit to his motion, indicates that Laliberte was dispatched to plaintiff's home on August 21, 2021, along with defendants Young, Stickney, and Surawski. Doc. No. 31 at pg. 3. Unlike the other officers, however, it is not clear from the call log that Laliberte ever arrived at Gagne's home. See id. (listing arrival times for Young, Stickney, and Surawski but not Laliberte).